**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **COUPONCABIN, INC.,** | ) | |
| | ) | FILED: January 27 , 2009 |
| **Plaintiff,** | ) | Civil Action No. 09CV527 |
| | ) | JUDGE LEINENWEBER |
| **v.** | ) | Judge MAGISTRATE JUDGE SCHENKIER |
| | ) | NF |
| **COUPON CHIEF, INC.** | ) | Jury Trial Demanded |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff CouponCabin, Inc. ("CouponCabin" or "Plaintiff"), by and through its attorneys,

Latham & Watkins LLP, alleges the following as and for its Complaint against Defendant,

Coupon Chief, Inc. ("Coupon Chief" or "Defendant"):

## NATURE OF ACTION

1.      Plaintiff CouponCabin operates a website at the domain name

<couponcabin.com> that provides electronic coupon codes for Internet users to redeem at

hundreds of online retail websites.  Plaintiff, in turn, receives payments from the retailers for the

use of these codes.  Plaintiff has spent significant time, money, and effort in collecting and

providing these coupons, many of which are identified by the term "CouponCabin" or some

variation thereof.  Plaintiff has registered its COUPONCABIN trademark with the United States

Patent and Trademark Office.

2.      Defendant Coupon Chief operates a website at the domain name

<couponchief.com> that performs a similar service to that offered at Plaintiff's website.

However, on that website, Defendant uses the coupon codes of others, including those of the

Plaintiff.  Indeed, many of these coupon codes displayed on Defendant's website prominently

feature the COUPONCABIN trademark or substantially similar variations thereof.  In addition to being an unfair and unjust business practice, Defendant's misuse of Plaintiff's coupon codes is likely to cause confusion, mistake and deception among electronic coupon users.  Defendant's actions therefore infringe upon Plaintiff's federal trademark rights, in violation of the Lanham Act (15 U.S.C. § 1114).  Defendant's actions also constitute unfair competition in violation of both federal (15 U.S.C. § 1125(a)) and state (815 Ill. Comp. Stat. 505/1 *et seq.* & 510/1 *et seq.*) statutes, and unfair competition and unjust enrichment in violation of Illinois common law.

3.      In displaying the coupon codes of Plaintiff, Defendant also tortiously interfered with Plaintiff's contractual agreement with the users of the <couponcabin.com> website.  According to the terms and conditions governing the use of that site, users agree not to use the coupon codes found on that site other than for the purpose for which they are intended.  Notwithstanding this contract, Defendant encourages users of the <couponcabin.com> website to upload Plaintiff's coupon codes for the financial benefit of the user and the Defendant.  Such conduct constitutes tortious interference in the contractual relations of another in violation of Illinois common law.

4.      Accordingly, Plaintiff CouponCabin seeks: (1) an order declaring that Defendant Coupon Chief has committed these federal and state violations; (2) permanent injunctive relief prohibiting Defendant from using the COUPONCABIN mark or any other confusingly similar mark; (3) entry of an award of damages to Plaintiff including actual damages or Defendant's profits pursuant to 15 U.S.C. §§ 1117 and 1125(d); (4) treble and punitive damages; (5) pre-judgment interest for any damages awarded; (6) costs of suit incurred herein; (7) Plaintiff's attorneys' fees reasonably expended in this action; and (8) such other and further relief as the Court deems just and appropriate under the circumstances.

## PARTIES

5.     Plaintiff is, and at all times mentioned herein was, a limited liability corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Hoffman Estates, Illinois.

6.     Defendant is, and at all times mentioned herein was, a limited liability corporation organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) & (b) (jurisdiction over trademark and unfair competition claims) and 1367 (supplemental jurisdiction).

8.     This Court also has subject matter over this action pursuant to 28 U.S.C. § 1332, as CouponCabin and Coupon Chief are diverse parties that are citizens of different states, and the amount in controversy exceeds $75,000.

9.     This Court has personal jurisdiction over Coupon Chief because it actively solicits and engages in business in this Judicial District, including by committing many of the acts complained of below.  In particular, Coupon Chief operates an interactive Internet website that encourages users in this District to download electronic coupon codes, and Coupon Chief solicits and pays users in this District to upload such codes.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) & (c) because this Court has personal jurisdiction over Coupon Chief, and also because a substantial part of the events giving rise to the claims here occurred in this District.

## FACTUAL ALLEGATIONS

### *CouponCabin*

11.     Since at least early February 2002, Plaintiff CouponCabin has owned and operated a website, <couponcabin.com> ("Plaintiff's website" or "website").  This website features free electronic coupons that Internet users can redeem while shopping online at hundreds of different retail websites.

12.     Plaintiff's coupons are typically identified by an alphanumeric code.  A user obtains this code from Plaintiff's website and then enters in the code at the website of a corresponding online retailer.  For example, attached hereto as Exhibit A is a recent printout from Plaintiff's website that shows coupon codes for various online computer and software retailers.  Users can enter these coupon codes into the retailers' websites to obtain product discounts.

13.     Plaintiff spends significant time, money, and effort in collecting and providing these coupon codes to its customers.  This process often requires Plaintiff to establish relationships and negotiate agreements with online retailers.  Plaintiff receives a commission from these retailers in return for directing Internet traffic to their websites.

14.     In connection with its website, Plaintiff has adopted and used the trademark "CouponCabin" (the "Mark" or "COUPONCABIN") and has registered this Mark with the United States Patent and Trademark Office.  Plaintiff filed its trademark application on October 7, 2004, and registered the trademark on December 13, 2005, as U.S. Trademark No. 3,028,129. A copy of the trademark registration certificate is attached hereto as Exhibit B.

15.     Plaintiff has also expended significant time, money, and effort in establishing public recognition of the Mark so that the public will identify CouponCabin with a high quality

4

website for online discounts and coupons. For example, Plaintiff has extensively used the Mark in advertisements and promotions of its website.

16.    Moreover, many of Plaintiff's coupon codes use the Mark or some variation thereof, such as "Cabin06," or "Coupncbn." To illustrate, page 4 of Exhibit A shows a coupon for PsPrint.com that provides a 10% discount on an order of 50 business cards if a user clicks on the link provided and enters the coupon code "CouponCabin."

17.    As a result of these efforts, the Mark has become one of Plaintiff's most valuable assets.

### *Terms and Conditions of CouponCabin's Website*

18.    In exchange for receiving free coupons from Plaintiff CouponCabin's website, users agree to abide by the website's Terms and Conditions ("contract"). This requirement is spelled out at the bottom of each page of Plaintiff's website: "Use of this site is subject to the <u>Terms and Conditions</u> which constitutes a legal agreement between you and CouponCabin, Inc." *See, e.g.*, page 4 of Exhibit A. The underlined portion of this language also includes a link to the Terms and Conditions, *available at* <couponcabin.com/terms.htm>. A printout of the Terms and Conditions contract is attached hereto as Exhibit C to this Complaint.

19.    The Terms and Conditions contract states in part:

> You acknowledge and agree that all content and services available on this site are property of the Company [CouponCabin, Inc.] and its advertisers and licensors and are protected by copyrights, moral rights, trademarks, service marks, patents, trade secrets, and other proprietary rights and laws, in the U.S. and internationally. . . .

> Except as may be explicitly permitted through this site, you agree not to save, download, cut and paste, sell, license, rent, lease, modify, distribute, copy, reproduce, transmit, publicly display, publicly perform, publish, adapt, edit, or create derivative works from materials, code or content on or from this site. Systematic retrieval of data or other content from this site to create

or compile, directly or indirectly, a collection, compilation, database or directory without written permission from the Company is prohibited.

### *Coupon Chief*

20.    Defendant Coupon Chief owns a website, <couponchief.com>, which also displays coupon codes.  Like Plaintiff, Defendant's website provides links to hundreds of online retail websites, where users can enter in corresponding coupon codes to receive discounts.

21.    Unlike Plaintiff, however, Defendant allows and encourages users to upload to Defendant's website coupons that the users have obtained elsewhere.  Indeed, Defendant even pays users for submitting such coupons as part of its "Pays-2-Share" program.  Attached hereto as Exhibit D is a recent screenshot of Defendant's website that lists the steps involved in joining and participating in this program.

22.    Recently, Plaintiff became aware that coupons displayed at the Coupon Chief website included the COUPONCABIN mark.  On January 7, 2009, Plaintiff sent a letter to Defendant stating that it was displaying coupon codes featuring the Mark on its website without proper authorization from Plaintiff.  The letter notified Defendant that this use infringed the Mark and constituted acts of unjust enrichment and unfair competition.  Plaintiff asked Defendant to cease and desist from displaying coupon codes featuring the Mark and similar variations thereof.  A copy of this cease and desist letter is attached hereto as Exhibit E.

23.    In the same letter, Plaintiff stated that Defendant appeared to be encouraging Plaintiff's users to upload CouponCabin codes to Defendant's website.  Plaintiff explained that these actions violated the Terms and Conditions contract governing users' access to Plaintiff's website and that Defendant was tortiously interfering with that contract.

24.    Despite this letter, Defendant Coupon Chief has continued to display on its website coupon codes that feature the Mark.  For example, attached hereto as Exhibit F is a

printout from January 21, 2009, from Defendant's website that shows the same coupon for

PsPrint (with the coupon code "CouponCabin") that is displayed on Plaintiff's website and is

shown on page 4 of Exhibit A.

25.     Upon information and belief, Defendant has unjustly profited, and continues to

profit unjustly, by displaying without authorization on its website coupons with the Mark.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under the Lanham Act – 15 U.S.C. § 1114(1))

26.     Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1

through 25 as if fully stated herein.

27.     Plaintiff owns the COUPONCABIN trademark, of which Defendant is and has

been aware.

28.     Defendant Coupon Chief has displayed, and continues to display, the Mark on its

website without a valid license or the consent of Plaintiff.  Defendant's actions are likely to have

caused and will continue to cause confusion, mistake and deception among Internet and

electronic coupon users and others in violation of 15 U.S.C. § 1114(1).

29.     By committing these acts, Defendant has willfully infringed the Mark.

30.     Defendant's willful infringement of the Mark has caused, and will continue to

cause, Plaintiff to suffer damages in an amount to be determined at trial.

31.     Defendant's willful infringement of the Mark has also caused, and, if not

permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act – 15 U.S.C. § 1125(a))

32.    The allegations set forth in Paragraphs 1 through 31 are incorporated herein by reference.

33.    Defendant Coupon Chief's use of the COUPONCABIN trademark in commerce on its website has likely caused, and will likely continue to cause, confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

34.    By committing these acts, Defendant has willfully caused, and will continue to cause, Plaintiff to suffer damages.  Moreover, Defendant will profit from its acts of unfair competition.

35.    Defendant's acts of unfair competition have also caused, and, if not preliminarily and permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relations – Illinois Common Law)

36.    Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1 through 35 as if fully stated herein.

37.    Plaintiff has a valid and enforceable contract with its users regarding the Terms and Conditions of use of its website.

38.    Defendant Coupon Chief is and has been aware of this contract.

39.     Defendant has committed, and continues to commit, an intentional and unjustified inducement of a breach of this contract by encouraging and/or paying Plaintiff's users to upload coupons to Defendant's website that bear the COUPONCABIN trademark.

40.     Defendant's wrongful conduct has caused, and will continue to cause, Plaintiff's users to breach this contract.

41.     Defendant's wrongful conduct has caused, and will continue to cause, Plaintiff to suffer damages in an amount to be determined at trial.

42.     Defendant's wrongful conduct has also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – Illinois Uniform Deceptive Trade Practices Act)

### (815 Ill. Comp. Stat. 510/1 *et seq.*)

43.     Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1 through 42 as if fully stated herein.

44.     Defendant Coupon Chief has displayed, and continues to display, the COUPONCABIN mark on its website without a valid license or the consent of Plaintiff. Defendant's actions have likely caused, and will continue to cause, confusion or misunderstanding as to the source, sponsorship, approval, or certification of Plaintiff's coupons. Defendant's actions have also likely caused, and will continue to cause, confusion or misunderstanding as to the affiliation, connection, or association between Defendant's and Plaintiff's websites by individuals who use electronic coupons in this District. These actions violate 815 Ill. Comp. Stat. 510/1 *et seq*.

45.     Defendant's wrongful conduct has caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition – Illinois Consumer Fraud and Deceptive Business Practices Act)**

**(815 Ill. Comp. Stat. 505/1 *et seq.*)**

46.     Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1 through 45 as if fully stated herein.

47.     Defendant Coupon Chief has displayed, and continues to display, the COUPONCABIN mark on its website without a valid license or the consent of Plaintiff. Defendant's actions have likely caused, and will continue to cause, confusion or misunderstanding as to the source, sponsorship, approval, or certification of Plaintiff's coupons. Defendant's actions have also likely caused, and will continue to cause, confusion or misunderstanding as to the affiliation, connection, or association between Defendant's and Plaintiff's websites by individuals who use electronic coupons in this District.  These actions violate 815 Ill. Comp. Stat. 505/1 *et seq*.

48.     Defendant's wrongful conduct has caused, and will continue to cause, Plaintiff to suffer damages in an amount to be determined at trial.

49.     Defendant's wrongful conduct has also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition – Illinois Common Law)**

50.     Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1 through 49 as if fully stated herein.

51.     Defendant Coupon Chief has displayed, and continues to display, the COUPONCABIN mark on its website without a valid license or the consent of Plaintiff. Defendant's actions have likely caused, and will continue to cause, confusion or misunderstanding as to the source, sponsorship, approval, or certification of Plaintiff's coupons. Defendant's actions have also likely caused, and will continue to cause, confusion or misunderstanding as to the affiliation, connection, or association between Defendant's and Plaintiff's websites by individuals who use electronic coupons in this District.

52.     Defendant's wrongful conduct has caused, and will continue to cause, Plaintiff to suffer damages in an amount to be determined at trial.

53.     Defendant's wrongful conduct has also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

### SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment – Illinois Common Law)

54.     Plaintiff CouponCabin repeats and realleges the allegations made in Paragraphs 1 through 53 as if fully stated herein.

55.     Upon information and belief, Defendant Coupon Chief has received, and continues to receive, a pecuniary and/or other benefit by displaying on its website coupons with the COUPONCABIN trademark.

56.     Plaintiff has been, and will continue to be, deprived of pecuniary and/or other benefits by Defendant's unauthorized use of the Mark.

57.     Defendant's retention of a benefit obtained through the unauthorized or infringing use of the Mark would be unjust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CouponCabin prays for the entry of a final judgment that

provides for the following findings and orders the following relief:

A.     Defendant Coupon Chief has infringed Plaintiff CouponCabin's trademark rights;

B.     Defendant has tortiously interfered with Plaintiff's contractual relations with users

of Plaintiff's website;

C.     Defendant has engaged in unfair competition by improperly using the Mark on its

website;

D.     Defendant has unjustly received a pecuniary and/or other benefit, and denied the

same to Plaintiff, by improperly using the Mark on its website;

E.     Entry of a permanent injunction prohibiting Defendant from using the

COUPONCABIN trademark or any other confusingly similar mark;

F.     Entry of an award of damages to Plaintiff including actual damages or

Defendant's profits pursuant to 15 U.S.C. §§ 1117 and 1125(d);

G.     Treble and punitive damages;

H.     Pre-judgment interest for any damages awarded;

I.     The costs of suit incurred herein;

J.     CouponCabin's attorneys' fees reasonably expended in this action; and

K.     Such other and further relief as the Court deems just and appropriate under the

circumstances.

## JURY DEMAND

CouponCabin demands trial by jury on all issues.

Dated: January 27, 2009

Respectfully submitted,

COUPONCABIN, INC.

By: /s/ Matthew Walch
Matthew W. Walch
Neel U. Sukhatme
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767
matthew.walch@lw.com
neel.sukhatme@lw.com

Attorneys for Plaintiff CouponCabin, Inc.

13