# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 527 | **DATE** | 5/8/2009 |
| **CASE TITLE** | CouponCabin, Inc. vs. Coupon Chief, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motions to Dismiss are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This is a case alleging trademark infringement and assorted state law claims. Defendant seeks dismissal of the entire case for lack of personal jurisdiction, or in the alternative, dismissal of the tortuous interference claim and the other state law claims. Defendant does not seek specifically to have the trademark infringement claim dismissed.

According to the Complaint, Plaintiff operates a website at the domain name <*couponcabin.com*> at which it provides electronic coupon codes for internet users to redeem at hundreds of online retail website. Plaintiff receives payment from the retailers for the use of the codes. Plaintiff has registered its COUPONCABIN trademark with the United States Patent and Trademark Office. Defendant operates a similar website at the domain name <*couponchief.com*> and offers similar services. Defendant, however, uses the coupon codes of the Plaintiff and features prominently on its website the COUPONCABIN trademark or substantially similar variations. Plaintiff contends that such use is likely to cause confusion and thus violates the Lanham Act and also constitutes unfair competition in violation of state and federal laws. Plaintiff also contends that Defendant also tortuously interferes with Plaintiff's contractual agreements with users of the <*couponcabin.com*> website by inducing such users to use coupons in violation of their agreements with Plaintiff.

While Defendant in its motion belittles Plaintiff's claims, nevertheless, the only claim at which it specifically takes aim is the tortuous interference claim. It contends that the alleged "browse-wrap" contract is unenforceable in Illinois where, as here, the terms are only made available via a hyperlink. However, the cases it cites are fact specific and revolve around the issue of whether the hyperlink is conspicuous and would place a reasonable person on notice that there were terms and conditions attached to the use of the website. *Hubbert v. Dell Corp.,* 359 Ill. App. 976, 984 (5th Dist., 2005). It may well be that there is no enforceable contract but that issue is better left to summary judgment. Therefore the Motion to Strike this count is denied.

**STATEMENT**

Next, Defendant contests whether the court has personal jurisdiction over it. Defendant points out that it is Plaintiff's burden to establish personal jurisdiction. However, where there is no evidentiary hearing the court must look to the complaint to see if personal jurisdiction is adequately alleged. Here the Complaint alleges that Defendant "operates an interactive Internet website that encourages users in this District to download electronic coupon codes, and Coupon Chief solicits and pays users in this District to upload such codes." Defendant responds in its reply brief by supplying the declaration of its co-owner and CEO that Defendant has no significant ties to Illinois and that its website, rather than being an interactive one is a passive one. He also declares that no user in Illinois has ever posted a coupon code on Defendant's website. The problem with this information is that it was provided in support of Defendant's reply brief and without a chance for Plaintiff to rebut the information. Thus, the declaration is in violation of FED. R. CIV. PROC. 6(c)(2) which requires affidavits in support of a motion to be filed with the motion. Although the Court allowed Plaintiff to file a Sur-reply, nevertheless, Plaintiff has not had the opportunity to conduct any discovery. Therefore, the Motion to Strike for Lack of Personal Jurisdiction is denied at this time.

Defendant also asks the Court to dismiss the state court claims on the basis of *de minimis*. However, the Court has jurisdiction based on the Lanham Act and there is no reason to dismiss the state law claims arising out of the same set of facts when the court has jurisdiction of the case based on federal law.

The Motions to Dismiss are denied.